UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NATHAN E. ROBINSON,

                Plaintiff,

v.                                                  5:15-CV-0548
                                                (GTS)

CAROLYN W. COLVIN
Commissioner of Social Security,

                Defendant.
_____

APPEARANCES:                                     OF COUNSEL:

BINDER & BINDER                           CHARLES E. BINDER, ESQ.
 Counsel for Plaintiff
60 E. 42nd Street, Suite 520
New York, NY 10165

U.S. SOCIAL SECURITY ADMIN.           DAVID B. MYERS, ESQ.
OFFICE OF REG'L GEN. COUNSEL
– REGION II
 Counsel for Defendant
26 Federal Plaza, Room 3904
New York, NY 10278

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this Social Security action filed by Nathan E. Robinson, ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are the parties' cross-motions for judgment on the pleadings. (Dkt. Nos. 12, 13.) For the reasons set forth below, Plaintiff's motion for judgment on the pleadings is granted and Defendant's motion for judgment on the pleadings is denied.

## I.   RELEVANT BACKGROUND

### A.   Factual Background

Plaintiff was born on February 11, 1983.  Plaintiff has an associate degree, and has past work as an electronics installer, a machine operator, a logger, a dishwasher, and a food delivery person.  Generally, Plaintiff's alleged disability consists of epilepsy/seizures, soft tissue injury of the arm, lumbar spine impairment, degenerative disc disease, hypertensive cardiovascular disease/hypertension, back pain, and left shoulder impairment.

### B.   Procedural History

On January 19, 2012, Plaintiff applied for Disability Insurance Benefits, alleging disability beginning July 1, 2010.  Plaintiff's application was initially denied on March 12, 2012, after which he timely requested a hearing before an Administrative Law Judge ("ALJ").  On January 10, 2014, Plaintiff appeared in a video hearing before the ALJ, David J. Begley.  (T. 35-62.)  On April 28, 2014, the ALJ issued a written decision finding Plaintiff not disabled under the Social Security Act.  (T. 17-34.)  On March 3, 2015, the Appeals Council vacated and modified the ALJ's step five finding.[1]  (T. 1-7.)  The ALJ's decision, as modified by the Appeals Council, denied Plaintiff's claim at step five.  (*Id.*)

### C.   The ALJ's Decision

Generally, in his decision, the ALJ made the following six findings of fact and conclusions of law.  (T. 22-30.)  First, the ALJ found that Plaintiff met the insured status

---

[1]   On March 3, 2015, the Appeals Council issued a decision vacating and modifying the ALJ's step five finding.  (T. 1-7.)  The Appeals Council noted that the ALJ incorrectly cited Medical-Vocational Rule 202.20 as a framework for decision-making, which is a light work rule, and identified other light work that Plaintiff could perform.  (*Id.,* at 6.)  The Appeals Council noted that Medical-Vocational Rule 201.27, a sedentary rule, still yielded a finding of "not disabled" when used as a framework for decision-making for the period through April 28, 2014, the date of the ALJ's decision, and identified other sedentary work that the Plaintiff could perform.  (*Id.*)

2

requirements through March 31, 2015, and has not engaged in substantial gainful activity since July 1, 2010. (T. 22.) Second, the ALJ found that Plaintiff had the following severe impairments: Bankhart lesion left shoulder status post surgery with recurrent dislocations, Hill-Sachs and Bankhart lesion right shoulder, osteopenia, and neuropathic left hip pain status post multiple surgeries. (T. 22-23.) The ALJ found that the following conditions were not severe impairments under the regulations: seizure disorder, hypertension, adjustment disorder with depressed mood and anxiety, and neurological impairment affecting the right hand. (*Id.*) Third, the ALJ found that Plaintiff's severe impairments, alone or in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1. (T. 23.) The ALJ considered Listings 1.00 and 11.00. (*Id.*) Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 CFR 404.1567[2]

> except: occasional pushing/pulling with the left upper extremity; prohibited from climbing ladders, ropes, and scaffolds; occasional climbing of ramps and stairs, balancing, stooping, kneeling, c[r]ouching, and crawling; occasional reaching and overhead reaching with the left upper extremity; avoid concentrated exposure to extreme cold and excessive vibration; and avoid slippery and uneven surfaces, hazardous machinery, unprotected heights, and open flames.

(T. 23-28.) Fifth, the ALJ found that Plaintiff has no past relevant work. (T. 28.) Sixth, and finally, the ALJ found that there are other jobs that Plaintiff could perform at step five of the sequential analysis. (T. 29-30.) The ALJ's decision, as modified by the Appeals Council, denied Plaintiff's claim at step five. (T. 1-7.)

### D. The Parties' Briefings on Their Cross-Motions

Generally, Plaintiff asserts two arguments in support of his motion for judgement on the

---

[2] Sedentary work requires the abilities to sit for six hours, stand and walk for two hours, and lift or carry up to ten pounds in an eight-hour workday. 20 C.F.R. § 404.1567(a); SSR 83-10, 1983 WL 31251 (1983).

pleadings. First, Plaintiff argues that the ALJ failed to properly weigh the medical opinion evidence and failed to properly determine Plaintiff's RFC. (Dkt. No. 12, at 12-17 [Pl.'s Mem. of Law].) More specifically, Plaintiff argues that the ALJ erred in assessing the opinion of treating physician, William Bock, M.D., and erroneously based the RFC on his own lay interpretation of the medical evidence rather than a medical opinion. (*Id.*) Second, Plaintiff argues that the ALJ failed to properly evaluate Plaintiff's credibility. (*Id.*, at 17-21.)

Generally, Defendant asserts two arguments in support of her motion for judgment on the pleadings. First, Defendant argues that the ALJ's RFC determination is supported by substantial evidence. (Dkt. No. 13, at 5-14 [Def.'s Mem. of Law].) Second, Defendant argues that the ALJ's credibility determination is supported by substantial evidence. (*Id.*, at 14-18.)

## II. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord, Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has

been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. § 404.1520. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe

5

impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982), *accord, McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

## III.    ANALYSIS

For the ease of analysis, Plaintiff's arguments will be reorganized and consolidated below.

### A.    Whether the ALJ Erred in Weighing the Medical Opinion Evidence in Determining Plaintiff's RFC

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in Plaintiff's memorandum of law. (Dkt. No. 12, at 12-17 [Pl.'s Mem. of Law].) To those reasons, the Court adds the following analysis.

RFC is defined as

> what an individual can still do despite his or her limitations . . . . Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, and the RFC assessment must include a discussion

6

> of the individual's abilities on that basis. A regular and continuing
> basis means 8 hours a day, for 5 days a week, or an equivalent work
> schedule.

*Melville v. Apfel,* 198 F.3d 45, 52 (2d Cir. 1999); 20 C.F.R. § 404.1545(a). "In assessing a claimant's RFC, the ALJ must consider all of the relevant medical and other evidence in the case record to assess the claimant's ability to meet the physical, mental, sensory and other requirements of work." *Domm v. Colvin*, 12-CV-6640, 2013 WL 4647643, at *8 (W.D.N.Y. Aug. 29, 2013) (citing 20 C.F.R. § 404.1545[a][3]-[4]). The ALJ must consider medical opinions and facts, physical and mental abilities, non-severe impairments, and the plaintiff's subjective evidence of symptoms. 20 C.F.R. § 404.1545(b)-(e). The ALJ must consider RFC assessments made by acceptable medical sources and may consider opinions from other sources to show how a claimant's impairments may affect his or her ability to work. 20 C.F.R. § 404.1513(c)(d). Finally, an ALJ's RFC determination "must be set forth with sufficient specificity to enable [the Court] to decide whether the determination is supported by substantial evidence." *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

Under the "treating physician's rule," controlling weight is afforded to a plaintiff's treating physician's opinion when (1) the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques, and (2) the opinion is consistent with other substantial evidence in the record, such as opinions of other medical experts. 20 C.F.R. § 404.1527(c)(2); *Halloran v. Barnhart*, 362 F.3d 28, 31-32 (2d Cir. 2004); *Brogan-Dawley v. Astrue*, 484 F. App'x 632, 633-34 (2d Cir. 2012). Regulations require an ALJ to set forth his or her reasons for the weight afforded to a treating physician's opinion. *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000).

When controlling weight is not afforded to the opinion of a treating physician, or when assessing a medical opinion from another source, the ALJ should consider the following factors

7

to determine the proper weight to afford the opinion: (1) the source's treatment relationship with the plaintiff, including the length, nature, and extent of the treatment relationship, (2) the opinion's supportability, (3) the opinion's consistency with the record as a whole, (4) the source's specialization, if any, and (5) other factors, such as the source's knowledge of disability programs and familiarity with the case record. 20 C.F.R. § 404.1527(c); *Halloran*, 362 F.3d at 32 (listing regulatory factors).

Here, the record contains opinions of Plaintiff's physical work-related limitations from the following three acceptable medical sources: (1) treating primary care physician, Carmen Federico, D.O., (2) consultative examiner, Kalyani Ganesh, M.D., and (3) treating physician, William Bock, M.D. (T. 384-397, 500-503, 685-82, 694-701.)

### i. Treating Physician, Dr. Federico

Dr. Federico diagnosed Plaintiff with chronic left shoulder dislocation, seizure disorder, and back pain. (T. 384, 386, 390.) On January 12, 2011, Dr. Federico opined that Plaintiff had a temporary total disability. (T. 397.) On June 30, 2011, Dr. Federico opined that Plaintiff was disabled from any physical work due to his dislocated left shoulder. (T. 395.)

On July 12, 2011, September 16, 2011, and December 2, 2011, Dr. Federico opined that Plaintiff had "very limited" functioning in lifting, carrying, pushing, pulling, and bending; and had "moderately limited" functioning in using his hands and functioning at a consistent pace in a work setting. (T. 385, 387, 391.) Dr. Federico's July 2011 opinion also indicated that Plaintiff could not lift more than ten pounds, and his December 2011 opinion also indicated that Plaintiff had "moderately limited" functioning in standing. (T. 385, 391.)

The ALJ afforded little weight to Dr. Federico's opinions of January and June of 2011 (that Plaintiff was temporarily disabled and disabled, respectively), reasoning that whether or not

a claimant is disabled is an administrative finding that is reserved for the Commissioner. (T. 27.) The ALJ also afforded little weight to Dr. Federico's opinions of July, September, and December of 2011, reasoning that Dr. Federico did not define the terms "moderately limited" and "very limited"[3] or provide an explanation for his conclusions, and the opinions were inconsistent with the contemporaneous treatment records. (*Id.*)

### ii. Consultative Examiner, Dr. Ganesh

On February 14, 2012, Dr. Ganesh opined that Plaintiff had "no gross limitation" noted in sitting, standing, or walking, and had a "moderate degree of limitation" in lifting, carrying, pushing, pulling, and overhead activity. (T. 503.) Dr. Ganesh diagnosed Plaintiff with lower back pain, status post left hip surgery, history of seizures, status post left shoulder surgery, and high blood pressure. (*Id.*)

The ALJ afforded some weight to Dr. Ganesh's opinion that Plaintiff had no limitation in sitting, standing, and walking because it is consistent with the longitudinal history. (T. 27.) However, the ALJ afforded little weight to Dr. Ganesh's opinion overall, reasoning that later evidence shows that Plaintiff's impairments in combination are more limiting than originally thought.[4] (*Id.*)

### iii. Treating Physician, Dr. Bock

On November 7, 2013, and January 2, 2014, Dr. Bock provided assessments of Plaintiff's work-related physical abilities and limitations. (T. 685-692, 694-701.) Dr. Bock opined, in

---

[3] Plaintiff does not dispute the ALJ's finding that Dr. Federico's opinion that Plaintiff was "moderately limited" or "very limited" in certain activities was entitled to little weight because the terms fail to define specific limitations in the areas identified. (Dkt. No. 12, at 13, n.26 [Pl.'s Mem. of Law].)

[4] Plaintiff does not dispute the ALJ's finding that Dr. Ganesh's overall opinion was entitled to little weight because later evidence shows that Plaintiff's impairments in combination are more limiting than described by one-time examiner, Dr. Ganesh. (Dkt. No. 12, at 13, n.26 [Pl.'s Mem. of Law].)

9

pertinent part, that Plaintiff could sit for zero to one hour, stand/walk for one hour, and never lift or carry zero to five pounds in an eight-hour workday. (T. 687-88, 696-97.) Dr. Bock opined that Plaintiff had additional physical limitations, including "significant limitations" in performing repetitive reaching, handling, fingering, and lifting; and could perform no pushing, pulling, kneeling, bending, high stress work, or work around heights. (T. 685-691, 694-700.)

The ALJ afforded little weight to Dr. Bock's opinion, reasoning that it (1) was not supported by any medical signs or laboratory findings in Dr. Bock's treatment records, (2) was presented in a "check the box" form generated by Plaintiff's attorney, which makes it less persuasive, and (3) contained limitations that were inconsistent with the record and Plaintiff's testimony, including Plaintiff's reported activities and objective findings demonstrating that he is not precluded from pushing, pulling, kneeling, and bending. (T. 28.) However, the ALJ failed to cite, and the record does not contain, a medical opinion to dispute Dr. Bock's opinion that Plaintiff could not perform the physical requirements of sedentary work. (*Id.*) Moreover, the ALJ appears to have relied on his own lay view of the objective findings to discredit Dr. Bock's opinion.

"The ALJ is not permitted to substitute his own expertise or view of the medical proof for the treating physician's opinion or for any competent medical opinion." *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015), *accord, Rosa,* 168 F.3d at 79 ("In analyzing a treating physician's report, 'the ALJ cannot arbitrarily substitute his own judgment for competent medical opinion.'") (quoting *McBrayer,* 712 F.2d at 799); *Balsamo,* 142 F.3d at 81 ("[W]hile an [ALJ] is free to resolve issues of credibility as to lay testimony or to choose between properly submitted medical opinions, he is not free to set his own expertise against that of a physician who [submitted a medical opinion to] or testified before him . . . . In the absence of supporting expert

medical opinion, the ALJ should not have engaged in his own evaluations of the medical findings.").

Therefore, the Court need not address whether Dr. Bock's opinion bound the ALJ under the regulations due to the ALJ's aforementioned omission. *See Balsamo*, 142 F.3d at 81 ("We need not address whether the treating physicians' opinions bound the ALJ under § 404.1527(d)(2) because in this case the Commissioner failed to offer and the ALJ did not cite *any* medical opinion to dispute the treating physicians' conclusion that . . . [the plaintiff] could not perform sedentary work. In the absence of a medical opinion to support the ALJ's finding as to . . . [a plaintiff's] ability to perform sedentary work, it is well settled that 'the ALJ cannot arbitrarily substitute his own judgment for a competent medical opinion.'").

Moreover, even if the ALJ's assessment of Dr. Bock's opinion was proper, the ALJ's RFC determination was not supported by substantial evidence based on the current record. *See id.*, at 81-82 (finding that the ALJ's determination that the plaintiff could perform sedentary work was not supported by substantial evidence in the absence of a medical opinion indicating that the plaintiff could perform sedentary work); *House v. Astrue*, 11-CV-0915, 2013 WL 422058, at *4 (N.D.N.Y. Feb. 1, 2013) (holding that remand was necessary where there was no medical source opinion supporting the ALJ's RFC determination).

The ALJ noted that Dr. Federico's opinion did not define the terms "moderately limited" and "very limited," yet the ALJ did not recontact Dr. Federico to request additional information or clarification of Plaintiff's specific functional abilities and limitations. *See* 20 C.F.R. §§ 404.1520b(c)(1) (providing that an ALJ may recontact a medical source to obtain additional information or clarification). Similarly, Dr. Ganesh did not define the term "moderate degree of limitation" in her opinion of Plaintiff's physical limitations, and the ALJ did not recontact Dr.

11

Ganesh to obtain additional information or clarification regarding the opinion. (T. 503.)

The Second Circuit has found that a consultative examiner's use of the terms "moderate" and "mild," without additional information, was so vague as to render the opinion useless in evaluating whether the plaintiff can perform the exertional requirements of sedentary work. *Curry v. Apfel,* 209 F.3d 117, 123 (2d Cir. 2000) (superceded by statute on other grounds). The Court recognizes that use of terms like "mild" and "moderate" has been found to pass substantial evidence muster when medical evidence shows relatively little physical impairment. *Anderson v. Colvin,* 12-CV-1008, 2010 WL 5939665, at *9 (N.D.N.Y. Nov. 5, 2013) (citing *Waldau v. Astrue,* 11-CV-0925, 2010 WL 6681262, at *4 [N.D.N.Y. Dec. 21, 2003]). However, here the ALJ found that Plaintiff's Bankhart lesion left shoulder status post surgery with recurrent dislocations, Hill-Sachs and Bankhart lesion right shoulder, osteopenia, and neuropathic left hip pain status post multiple surgeries are severe impairments. (T. 22-23.)

Accordingly, the ALJ determined that Plaintiff had the physical RFC to perform sedentary work with additional limitations without a medical opinion indicating that Plaintiff could perform all of the physical requirements of the RFC, including sitting for six hours, standing and walking for two hours, and lifting or carrying up to ten pounds in an eight-hour workday. 20 C.F.R. § 404.1567(a); SSR 83-10, 1983 WL 31251 (1983). Therefore, the ALJ's RFC determination was not supported by substantial evidence because there was no acceptable medical source opinion indicating that Plaintiff could perform the physical requirements of the RFC. *See Balsamo*, 142 F.3d at 81-82 (finding that the ALJ's determination that the plaintiff could perform sedentary work was not supported by substantial evidence in the absence of a medical opinion indicating that the plaintiff could perform sedentary work)*; Larkin v. Colvin,* 13-CV-0567*,* 2014 WL 4146262, at *9 (N.D.N.Y. Aug. 19, 2014) (holding that remand was required where the record lacked a broad assessment of Plaintiff's physical functional limitations

from an acceptable medical source); *House*, 2013 WL 422058 at *4 (holding that remand was required where there was no medical source opinion supporting the ALJ's RFC determination); *Santiago v. Colvin*, 10-CV-1510, 2016 WL 1049011, at *7 (N.D.N.Y. March 14, 2016).

For these reasons, remand is necessary for the ALJ to reassess the opinion of treating physician Dr. Bock and reevaluate the RFC. The ALJ may also recontact Dr. Federico and/or Dr. Ganesh to resolve any ambiguity or conflict in their opinions or request more specific assessments of Plaintiff's physical work-related abilities and limitations. Remand is also required for the ALJ to perform a new credibility analysis and make a new step five determination based on a proper evaluation of the opinion evidence and in light of any new medical evidence obtained.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is **GRANTED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 13) is **DENIED**; and it is further

**ORDERED** that this matter is **REMANDED** to Defendant, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: August 31, 2016
Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge